IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OFIR GUERRA BALBOA**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. CITIZENSHIP AND IMMIGRATION SERVICES NATIONAL RECORDS CENTER**, **JILL EGGLESTON**, <br><br> Defendant. | Case No. 3:21-cv-01358-YY <br><br> **ORDER** |

**IMMERGUT, District Judge.**

On October 27, 2021, Magistrate Judge Youlee Yim You issued her Findings and Recommendations ("F&R"). ECF 8. The F&R recommends that this Court dismiss without prejudice Plaintiff's Amended Complaint. ECF 7. On November 15, 2021, Plaintiff filed objections. ECF 10. For the following reasons, this Court ADOPTS Judge You's F&R in full and dismisses the Amended Complaint.

### STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – ORDER

28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

On September 23, 2021, Judge You granted Plaintiff's application for leave to proceed *in forma pauperis*, ECF 1, and ordered plaintiff to show cause why the case should not be dismissed for failure to state a claim or to file an amended complaint. ECF 4 at 1. The show cause order noted that the Plaintiff sought a transcript from Defendant pursuant to the Privacy Act of 1974, which allows for civil remedies when an agency "refuses to comply" with a request for records and information. *Id*. at 2–3 (internal quotation marks omitted) (quoting 5 U.S.C. § 552a(g)). But Plaintiff's Complaint did not allege that Defendant failed to comply with a records request; rather, Defendant informed Plaintiff by letter that it did not have the transcript he had requested. *Id.*; *see* ECF 2-2 at 2 ("No records responsive to your request were located. If you have reason to believe that responsive records do exist, and you can provide with additional information, we will conduct another search.").

On October 21, 2021, Plaintiff filed an Amended Complaint. ECF 7. In her F&R, Judge You found that Plaintiff's Amended Complaint "is almost identical to his original complaint" and did not cure the defects found in the original. ECF 8 at 2–3. Specifically, Judge You noted

PAGE 2 – ORDER

that Plaintiff attached as an exhibit to his original Complaint a letter from Jill Eggleston in response to his request for a transcript stating that U.S. Citizen and Immigration Services had no responsive records. *Id*. at 3. Reasoning that an "agency cannot refuse to produce something if it does not possess it," Judge You concluded that Plaintiff had failed to state a claim under the Privacy Act of 1974 and recommended that the case be dismissed. *Id*.

On November 15, 2021, Plaintiff filed objections to the F&R, ECF 10, which this Court has reviewed. Plaintiff again reiterates the same claims as in the original and Amended Complaints. Plaintiff asserts in a conclusory manner that "[t]he National Record Center keeps all records of individual [sic] that happens at the Consulate Office." *Id*. at 1. But Plaintiff does not address, as Judge You directed him to, that the agency did not refuse to comply with his records request. Rather, the agency informed Plaintiff that it could not locate responsive records and invited him to submit additional information, at which point the agency would conduct another records search. ECF 2-2 at 1. This Court agrees with Judge You that the facts alleged do not constitute a failure to comply by the agency, and Plaintiff has thus failed to state a claim.

## CONCLUSION

This Court has reviewed de novo the portions of Judge You's F&R to which objections were filed and accepts Judge You's conclusions. The F&R, ECF 8, is adopted in full. Plaintiff's Amended Complaint, ECF 7, is DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge